**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**KENNETH OKWUDILI ANYANWU**,

*Petitioner*,

v.

**JASON BENZEL**, ***et al.***,

*Respondents*.

No. 26-cv-09454

**ORDER**

**THIS MATTER** comes before the Court upon the Amended Petition for Writ of Habeas Corpus filed by Kenneth Okwudili Anyanwu ("Petitioner"). (ECF No. 12). Following receipt of the Amended Petition, the Court ordered Respondents to file an answer and letter brief, which they did on August 24, 2026. (ECF Nos. 13–14). The next day, Petitioner filed a reply brief. (ECF No. 15).

**WHEREAS**, Petitioner was previously detained by Immigration and Customs Enforcement ("ICE"), and his original Petition, filed on July 28, 2026, challenged the lawfulness of that detention on the ground that he had not been afforded an opportunity to seek bond. (*See generally* ECF No. 1). In their answer, Respondents informed the Court that Petitioner was scheduled for a bond hearing before an immigration judge on August 4, 2026. (ECF No. 5 at 3 n.1). That hearing proceeded as scheduled, and the immigration judge ultimately ordered Petitioner released on a $30,000 bond without imposing any additional conditions. (ECF No. 8; *see also* ECF No. 14-2 (Immigration Judge Bond Order)). Petitioner thereafter posted bond and was released on August 11, 2026. As Respondents acknowledge, ICE then "placed [Petitioner] on electronic monitoring." (ECF No. 14 at 2). Because Petitioner had been afforded the opportunity to seek

bond, the Court thereafter denied the original Petition as moot. (ECF No. 9); and

**WHEREAS**, the Amended Petition challenges ICE's unilateral imposition of an ankle monitor condition that was not imposed by the Immigration Judge. (*See* ECF No. 12 ¶¶ 2–4). Respondents contend that this Court lacks jurisdiction to review that condition under 8 U.S.C. § 1226(e), which provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." (ECF No. 14 at 2–3); and

**WHEREAS**, the Court finds that, notwithstanding § 1226(e), it has jurisdiction over the claims in the Amended Petition, and that the ankle monitor condition is unlawful; and

**WHEREAS**, the writ of habeas corpus extends to immigration detainees "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3); *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). Here, Respondents do not contest that the ankle monitor condition renders Petitioner in custody for purposes of § 2241(c), and the Court finds that 8 U.S.C. § 1226(e) does not deprive the Court of jurisdiction over Petitioner's claim that the ankle monitor condition is unlawful. Section 1226(e) prohibits a court from reviewing the Attorney General's discretionary judgment regarding an individual noncitizen's detention or release, but it does not bar review of legal or constitutional challenges to the scope of the Government's authority under § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Petitioner does not ask this Court to revisit the Immigration Judge's bond determination, lower the amount of his bond, or independently reweigh whether he presents a danger or flight risk. Rather, he challenges ICE's legal authority to unilaterally impose an additional condition of custody after the Immigration Judge entered the

custody-redetermination order. Section 1226(e) does not foreclose review of that question; and

**WHEREAS**, on the merits, ICE lacked authority to unilaterally impose the ankle monitor condition because the Immigration Judge's order imposed no such condition. Section 1226 and its implementing regulations "create a two-level administrative review over conditions of supervised release": first before an immigration judge, and then before the Board of Immigration Appeals. *da Silva v. LaForge*, No. 25-17095, 2026 WL 45165, at *4 (D.N.J. Jan. 7, 2026) (citing 8 C.F.R. §§ 236.1(c)(8), (d), 1236.1(c)(8), (d)(1)). Thus, contrary to Respondents' position, "[t]he authority to impose conditions of supervised release is not shared across the established appeal procedures." *Id.* Once the Immigration Judge exercised that authority and ordered Petitioner released on a $30,000 bond without GPS monitoring, ICE could not effectively supersede that determination by imposing an additional monitoring condition after his release. As *da Silva* explained, "ICE violated its own regulations when, instead of appealing the Immigration Court's Order to the BIA as it should have, it imposed additional restrictions on Petitioner's supervised release." *Id.* ICE's unilateral imposition of the ankle monitor on Petitioner therefore is plainly unlawful. Courts within the Third Circuit and elsewhere have reached the same conclusion. *See N-N- v. McShane*, 813 F. Supp. 3d 496, 498 (E.D. Pa. 2025) ("The Government must remove electronic surveillance, supervision requirements, and any other condition that goes beyond the immigration judge's order."); *Diahn v. Lowe*, No. 24-1936, 2026 WL 84576, at *5 (M.D. Pa. Jan. 12, 2026) (holding that "ICE acted without legal authority" by requiring the petitioner to wear an ankle monitor after release on bond); *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257–58 (D. Colo. 2026) (holding that ICE violated due process by imposing an ankle monitor where the immigration judge "declined to impose additional conditions of release"); *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 70 (D. Mass. 2025) (ordering release from "conditions of release that are not consistent with

the terms as set by the Immigration Judge after the bond hearing"); *Muniz v. Noem*, No. 25-00671, 2026 WL 803134, at *2 (W.D. Tex. Mar. 6, 2026) ("Respondents may not impose additional conditions of release that are not included in the IJ's bond order"); and

**WHEREAS**, resolving any doubt here is the fact that Respondents' merits analysis is notably thin. Their brief cites *N-N- v. McShane* as authority contrary to their position but offers no explanation of the decision, no factual distinction, and no argument that its reasoning is incorrect. (*See* ECF No. 14 at 2). That omission is all the more notable given Petitioner's reliance on decisions from this District addressing materially similar restrictions and concluding that ICE lacked authority to impose additional conditions after the Immigration Judge's custody determination. *See da Silva*, 2026 WL 45165, at *4. In short, Respondents fail to meaningfully address established authority contrary to their position and offer no persuasive basis for denying the relief Petitioner seeks; therefore

**IT IS** on this 26th day of August, 2026,

**ORDERED** that the Amended Petition, (ECF No. 12), is **GRANTED**; and it is further

**ORDERED** that Respondents shall **REMOVE** Petitioner's ankle monitor within twenty-four (24) hours of this Order, and shall file a letter on the docket confirming compliance within the same period;[1] and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

[1] To the extent Petitioner is subject to any other conditions not imposed by the Immigration Judge's bond order, the Court does not grant relief from those conditions because Petitioner expressly disclaims such relief. (*See* Am. Pet., ECF No. 12 ¶ 60; Pet'r Reply, ECF No. 15 at 2).